UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EVANSTON INSURANCE COMPANY,

                                            Plaintiff(s),

   - against -

INNOVATIVE BIO-LABORATORIES, LLC, KERLEGAN
PHARMACEUTICAL GROUP, INC. f/k/a BIOFORMX
NUTRITION, INC., and JESSICA STECK,

                                            Defendants.
------------------------------------------------------------------------X

Index No.:

       Plaintiff, EVANSTON INSURANCE COMPANY, by and through its attorneys, TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP, as and for its Complaint for Declaratory Judgment against Defendants, and each of them, states as follows:

## INTRODUCTION

       1.     This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201–2202. Plaintiff seeks this Court's determination concerning the respective rights and obligations of the parties under an insurance policy issued to Bioformx Nutrition, Inc. ("Bioformx"), in connection with an underlying personal injury action.

       2.     An actual and justiciable controversy exists among the parties as to which a declaratory judgment setting forth their respective rights and obligations under the subject insurance policy is necessary and appropriate.

## JURISDICTION

       3.     This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a).

4. Plaintiff EVANSTON INSURANCE COMPANY ("Evanston") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Deerfield, Illinois.

5. Defendant INNOVATIVE BIO-LABORATORIES, LLC ("Innovative") is a limited liability company organized and existing under the laws of the State of Louisiana, with its principal place of business in Slidell, Louisiana.

6. Innovative is a single-member limited liability company whose sole member is domiciled in the State of Louisiana.

7. Defendant KERLEGAN PHARMACEUTICAL GROUP, INC. f/k/a BIOFORMX NUTRITION, INC. ("Bioformx") is a corporation organized and existing under the laws of the State of California, with its principal place of business in Newark, California.

8. Defendant JESSICA STECK ("Steck") is a natural person and a citizen and resident of the State of New York.

9. No named defendant is domiciled in the State of Illinois, nor are any defendants citizens of the State of Illinois. Plaintiff and defendants are, therefore, citizens of different states and this Court has original jurisdiction over this civil action based upon diversity of citizenship under 28 U.S.C. § 1332(a).

10. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11. In this action, plaintiff seeks a declaration of the parties' rights and liabilities with respect to insurance coverage for defendant Innovative in connection with the underlying action styled *Steck v. Innovative Bio-Laboratories, et al.*, Index No. 155731/2014, currently pending in the Supreme Court of the State of New York, County of New York (the "Underlying Action").

**VENUE**

12. Venue in this District is proper, pursuant to 28 U.S.C. § 1391(b)(2), as a judicial district in which a substantial part of the events or omissions giving rise to the instant claim occurred, as the events preceding the Underlying Action occurred in this district.

## NATURE OF CONTROVERSY

13. Plaintiff Evanston is an insurance company and brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201–2202 seeking a declaration that no coverage is available for Innovative under the insurance policy issued by Evanston to Bioformx Nutrition, Inc. and that Evanston has no obligation to defend or indemnify Innovative in connection with the Underlying Action.

14. Evanston has no adequate remedy at law and, therefore, desires a judicial determination of its rights and duties in accordance with the Evanston Policy. A judicial declaration is necessary and appropriate at this time so that Evanston may ascertain its rights and duties with respect to defense and indemnity under the Evanston Policy for the Underlying Action.

## THE EVANSTON POLICY

15. Evanston Insurance Company issued General Liability (Including Products/Completed Operations Liability) Insurance Policy No. SP-864963 to Bioformx Nutrition, Inc. for the period March 6, 2014 to March 6, 2015 on a claims-made basis (the "Evanston Policy"), subject to a retroactive date of March 6, 2008. A copy of the Evanston Policy is attached hereto as **Exhibit A.**

16. The Evanston Policy provides the following Coverage A Insuring Agreement:

**INSURING AGREEMENTS**

3

> **Coverage A.- Bodily Injury and Property Damage Liability**: The Company shall pay on behalf of the Insured all sums in excess of the Deductible amount stated in Item 5. of the Declarations, which the Insured shall become legally obligated to pay as Damages as a result of Claims first made against the Insured during the Policy Period or during the Extended Reporting Period, if exercised, and reported to the Company pursuant to Section Claims A., Claim Reporting Provision, for Bodily Injury or Property Damage to which this insurance applies caused by an Occurrence, provided:
>
> 1. the entirety of such Bodily Injury or Property Damage and Occurrence happens during the Policy Period or on or after the Retroactive Date stated in Item 7. of the Declarations; and
> 2. such bodily injury or Property Damage arises out of only those products, goods, operations or premises specified in Item 6. of the Declarations.

17. The Evanston Policy provides the following relevant definitions:

> Bodily Injury means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time....
>
> Damages means the monetary portion of any judgment, award or settlement; provided, however that Damages shall not include: (1) multiplied portions of damages in excess of actual damages, including trebling of damages; (2) taxes, criminal or civil fines, or penalties imposed by law; (3) sanctions; (4) matters which are uninsurable under the law pursuant to which this policy shall be construed; or (5) the return of or restitution of fees, profits or charges for services rendered....
>
> Occurrence means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

18. The Evanston Policy includes Endorsement No. 12, titled ADDITIONAL INSURED - VENDORS (BROAD FORM), which provides, in pertinent part, as follows:

> In consideration of the premium paid, it is hereby understood and agreed that the policy is amended as follows:
>
> 1. Section THE INSURED is amended to include as an Insured the following:

4

any person or organization that is a vendor of the Named Insured (hereinafter referred to as "Vendor"), but only with respect to the sale of the Named Insured's products specified in Item 6. of the Declarations subject to the following additional provisions;

provided, however, that coverage afforded to the Vendor shall not apply to:

1. any express warranty, unauthorized by the Named Insured;

2. any act of the Vendor which changes the condition of such product or causes or contributes to the alleged Bodily Injury or Property Damage;

3. any failure to maintain the product in merchantable condition;

4. any failure to make such inspections, adjustments, tests or servicing as the Vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of the product; or

5. any such products which after distribution or sale by the Named Insured have been labeled or relabeled or used as a container, part or ingredient of any other product, thing or substance by or for the Vendor.

2. The coverage afforded by this endorsement does not apply to any person or organization, as insured, from whom the Named Insured has acquired such products or any ingredient, part or container, entering into, accompanying or containing such products.

## THE UNDERLYING ACTION

19. In the Underlying Action, filed on June 11, 2014, the only named defendant is Innovative, although the complaint lists "John Does 1-10" as other potential defendants. There are no allegations whatsoever against Evanston's named insured, Bioformx Nutrition, Inc. A copy of the Summons and Complaint filed in the Underlying Action is annexed hereto as **Exhibit B.**

20. In the complaint, Steck alleges that she purchased and ingested a nutritional/dietary supplement called "Diablos ®," which she alleges Innovative manufactured, formulated, packaged, distributed, and/or sold in interstate commerce.

21. Plaintiff alleges that she purchased and ingested Diablos ® at the "recommended dose and in the manner contemplated by the Defendants" [*i.e.*, Innovative].

22. Plaintiff alleges that on or about June 12, 2011, as a result of ingesting Innovative's product, she suffered liver failure and required a liver transplant.

23. Plaintiff asserts causes of action against Innovative for negligence, products liability (design defect and failure to warn), and breach of implied warranty, and seeks compensatory and punitive damages.

## **REJECTION OF TENDER AND DEFENSE**

24. Innovative tendered the Underlying Action to Evanston for defense and coverage as a purported "vendor" of the insured's product.

25. Evanston obtained information that Innovative was involved in the design and formulation of the product and prepared the warnings and labels.

26. Evanston was informed that Innovative had no insurance of its own and would not be defended in the Underlying Action.

27. Evanston informed Innovative that its status as a "vendor" of the insured's product had not been established but that Evanston would afford a gratuitous defense to prevent a default in the Underlying Action.

28. Evanston reserved its rights to litigate the coverage issue after further investigation.

29. Evanston's further investigation, including examinations under oath of Innovative and Bioformx, yielded information confirming that Innovative was involved in the design and formulation of the product and the preparation of warnings and labels.

## COUNT I

### DECLARATORY JUDGMENT

30. Plaintiff incorporates and re-alleges the preceding paragraphs "1" through "29" as if fully restated and set forth herein.

31. There is no vendor's coverage under the Evanston Policy for independent negligence of the vendor.

32. The vendor's endorsement is subject to an exclusion for any act of such vendor "which changes the condition of such product or causes or contributes to the alleged Bodily Injury."

33. The vendor's endorsement is subject to an exclusion for "any such products which after distribution or sale by the Named Insured have been labeled or relabeled . . . by or for the vendor."

34. Evanston's coverage investigation yielded information, including sworn testimony, that Innovative was involved in the design and formulation of the product and prepared the product warnings and labels.

35. Evanston's coverage investigation yielded information, including sworn testimony that the product was labeled or relabeled by or for Innovative.

36. Based on the foregoing, Evanston has no duty to defend Innovative in the Underlying Action.

37. Based on the foregoing, Evanston has no duty to indemnify Innovative in the Underlying Action.

## COUNT II

## RECOUPMENT

38.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "37" of this Complaint as if fully set forth at length herein.

39.     Plaintiff is providing Innovative with a gratuitous defense in the Underlying Action, and Plaintiff's investigation confirms that Innovative is not entitled to coverage as an additional insured vendor under the Evanston Policy.

40.     Upon a finding of no coverage, Evanston is entitled to withdraw the defense in the Underlying Action.

41.     Upon withdrawing the defense of Innovative in the Underlying Action, Evanston is entitled to recoup from Innovative defense costs incurred in the defense of the Underlying Action, in an amount to be proven at the time of trial.

## COUNT III

### DECLARATORY ACTION AGAINST NECESSARY
### AND OTHERWISE PROPER PARTY DEFENDANTS

42.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "41" of this Complaint as if fully set forth at length herein.

43.     Under Rule 19(a) of the Federal Rules of Civil Procedure, a necessary and otherwise proper party, i.e., one who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action, shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties

subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

44. Defendant Bioformx, under its prior corporate named Bioformx Nutrition, Inc., is the Named Insured under the Evanston Policy and has an interest relating to the subject matter of this action and will be bound by a determination in Evanston's favor.

45. Defendant Jessica Steck is the plaintiff in the Underlying Action and has an interest relating to the subject matter of this action and will be bound by a determination in Evanston's favor.

46. Therefore, any declaratory judgment in this action may affect the rights of Bioformx and Jessica Steck as necessary and otherwise proper parties.

**WHEREFORE,** plaintiff Evanston demands judgment as follows:

## DECLARATION

a. Innovative does not qualify as an additional insured vendor under the Evanston Policy;

b. Innovative is not entitled to vendor's coverage under the Evanston policy because the underlying action arises from Innovative's independent negligence;

c. The vendor's exclusion for "any act of the vendor which changes the condition of such product or causes or contributes to the alleged bodily injury or property damage" applies to bar coverage for Innovative;

d. The vendor's exclusion for "any such products which after distribution or sale by the Named Insured have been labeled or relabeled . . . by or for the vendor" applies to bar coverage for Innovative.

e. Evanston is not obligated to defend Innovative with respect to the Underlying Action;

f. Evanston is not obligated to indemnify Innovative with respect to the Underlying Action;

g. Evanston is entitled to terminate and withdraw the defense of Innovative in the Underlying Action;

h. Evanston is entitled to recoup defense costs incurred in defending the non-covered claims against Innovative in the Underlying Action;

i. As necessary and otherwise proper parties, Bioformx and Jessica Steck are bound by the Court's determination and have no right to make a claim under the Evanston Policy with respect to any settlement, judgment, or verdict against Innovative in the Underlying Action; and

j. Such other relief as the Court deems just and proper, together with reasonable attorney's fees, costs and disbursements in this Action.

Dated: Hawthorne, New York
July 31, 2015

Respectfully submitted,

*Eric D. Suben*

Eric D. Suben (ES0871)
Meghan E. Ruesch (MR6698)
TRAUB LIEBERMAN STRAUS
& SHREWSBERRY LLP
*Attorneys for Evanston Insurance Company*
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
(914) 347-2600